[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR ARTICULATION TO REARGUE, AND FOR EXTENSION OF TIME TO FILE APPEAL (#130)
The court grants the plaintiff's motion's first request and will articulate as follows.
The parties' marriage was dissolved by judgment entered March 10, 1992 following a trial. In the memorandum of decision, the court noted that the plaintiff had generated over $90,000 gross earnings in 1991.
On November 15, 1993, the court denied the plaintiff's motion for modification dated April 12, 1993. In its memorandum the court noted that the plaintiff had taxable income of $118,608.20 as stated on his W-2 form. When the court observed that "a true picture of the plaintiff's actual earnings could not be obtained by using the most recent 13 weeks", it was contrasting the first full calendar year post judgment with the last full calendar year prior to judgment.
The plaintiff claims that his exercise of stock options should not be considered income. The plaintiff has been given stock options by his employer by virtue of his employment status, at a price based on fair value when awarded, and cannot be exercised until a period of time passed. Options are awarded to employees to provide incentive and must be exercised within a maximum time from award. The I.R.S. taxes the profit on the sale of the stock and, if held long enough, at the capital gain rate. In the court's view, this profit is income.
The foregoing articulates the issues raised in the plaintiff's motion.
The plaintiff's request to reopen the decision of November 15, 1993 is denied.
The plaintiff is granted the extension of time for filing an appeal as is permitted by statute or rule. CT Page 776
/s/ Harrigan, J. -------------------- HARRIGAN